UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRATEEK SAXENA, | Case No.  5:20-cv-01266-EJD |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SANJEEV MITTAL SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |
| SANJEEV MITTAL, et al., | |
| Defendants. | |

Re: Dkt. No. 40

Defendant Tech Mahindra (Americas) Inc. moves for summary judgment,[1] arguing that all nine of Plaintiff's causes of action fail because (1) they are barred by a six-month contractual limitation clause, (2) there is no evidence that the contracts that Tech Mahindra allegedly breached exist, and (3) Plaintiff's claim that he is allegedly owed stock options is contradicted by the express terms of the governing stock plan.  *See* Defendant's Motion for Summary Judgment or Partial Summary Judgment ("MSJ"), Dkt. No. 40.  On January 10, 2022, Plaintiff Prateek Saxena filed an opposition, to which Defendant filed a reply.  *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opp."), Dkt. No. 42; Defendant's Reply in Support of Motion for Summary Judgment ("Reply"), Dkt. No. 43.  Having considered the Parties' papers, the Court **GRANTS** Defendant's motion for summary judgment.[2]

---

[1] Defendant Sanjeev Mittal does not join this motion.  It does not appear that Defendant Sanjeev Mittal has been served.  Plaintiff is **ORDERED TO SHOW CAUSE within 10 days of this Order** as to why Defendant Sanjeev Mital should not be dismissed for failure to prosecute.
[2] Pursuant to Civil Local Rule 7-1(b), the Court found this motion appropriate for decision without oral argument.  *See* Dkt. No. 52.

Case No.:  5:20-cv-01266-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SANJEEV MITTAL SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE
1

United States District Court
Northern District of California

## I.      BACKGROUND

Defendant is an information technology company that provides a variety of products and services to customers around the world.  The company is based in India but operates globally.  In 2013, Defendant Tech Mahindra merged with an affiliated entity, Mahindra Satyam.  At that time, Defendant Tech Mahindra assumed Mahindra Satyam's rights, responsibilities, and obligations, including those arising from Mahindra Satyam's employee relationships.  *See* Declaration of Kristina Sanchez ("Sanchez Decl.") ¶ 5, Dkt. No. 40-3.

Plaintiff was hired by Mahindra Satyam in April 2011 as Assistant Vice President in the Smart Grids division.  In connection with his hiring, Plaintiff signed and agreed to an employment offer letter.  The letter described the primary terms of Plaintiff's employment, including his responsibilities, compensation, and other terms.  Pursuant to the letter, Plaintiff's employment was at will.  The letter also included a limitation provision.

> **Limitation:** Any claim by you against Mahindra Satyam arising out of your employment with Mahindra Satyam shall be made in writing and served upon Mahindra Satyam within six (6) months from the date of your termination.  Any claim made by you beyond six months shall be waived by you and shall not affect or bind Mahindra Satyam with respect to such claim.

*See* Exhibit A, Dkt. No. 40-3.

Plaintiff signed the offer letter and accepted the offer of employment.  Ultimately, on February 15, 2019, Plaintiff's at-will employment ended.  Plaintiff initiated this action on November 11, 2019, in Santa Clara County Superior Court.  The action was removed to federal court in February 2020.

## II.      LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A dispute about a fact is "genuine" if the

United States District Court
Northern District of California

Case No.: 5:20-cv-01266-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SANJEEV MITTAL SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

1   evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*  "A

2   party asserting that a fact cannot be or is genuinely disputed must support the assertion

3   by . . . citing to particular parts of materials in the record" or by "showing that materials cited do

4   not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

5   admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  The court need only

6   consider the cited materials, but it may also consider any other materials in the record.  *Id.* at

7   56(c)(3).  Summary judgment may also be entered "against a party who fails to make a showing

8   sufficient to establish the existence of an element essential to that party's case, and on which that

9   party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

10          Initially, the movant bears the burden of demonstrating to the Court the basis for the

11   motion and "identifying those portions of [the record] which it believes demonstrate the absence

12   of a genuine issue of material fact."  *Id.* at 323.  If the movant fails to carry its initial burden, the

13   nonmovant need not produce anything.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d

14   1099, 1102–03 (9th Cir. 2000).  If the movant meets its initial responsibility, the burden then shifts

15   to the nonmovant to establish the existence of a genuine issue of material fact.  *Id.* at 1103.  The

16   nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do

17   more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

18   *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare

19   assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for

20   summary judgment.  *Liberty Lobby*, 477 U.S. at 247–48.  "If the evidence is merely colorable, or

21   is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations

22   omitted).  However, in the summary judgment context, the Court believes the nonmovant's

23   evidence, and construes all disputed facts in the light most favorable to the nonmoving party.  *Id.*

24   at 255; *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).  If "the evidence yields

25   conflicting inferences [regarding material facts], summary judgment is improper, and the action

26   must proceed to trial."  *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

27   Case No.: 5:20-cv-01266-EJD
     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING
28   PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SANJEEV MITTAL SHOULD NOT BE
     DISMISSED FOR FAILURE TO PROSECUTE

United States District Court
Northern District of California

United States District Court
Northern District of California

## III.    DISCUSSION

Defendant first argues that it is entitled to summary judgment because Plaintiff failed to initiate this action within six months of his termination, as required by the contractual terms of the offer letter.  The Court agrees.

As set forth above, Plaintiff signed and agreed in his offer letter that any claim "shall be made in writing and served upon Mahindra Satyam within six (6) months from the date of [] termination."  Claims brought outside this six-month window are "waived."  Notably, Plaintiff signed and initialed this document, and thus agreed to its terms.  *See* Exhibit A, Dkt. No. 40-3.

Federal courts in the Ninth Circuit and Northern District of California have both found six-month limitations clauses reasonable and enforceable.  For example, in *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001), the plaintiffs sued for wrongful termination in violation of public policy.  However, the plaintiffs had signed an employment agreement containing a clause requiring any action relating to their employment to be brought within six months after the date of their termination.  *Id.* at 1041.  After reviewing California case law, the court noted "the weight of . . . [the] law strongly indicates that the six-month limitation provision is not substantively unconscionable." *Id.* at 1044.  Further, other jurisdictions have upheld such clauses, as has the U.S. Supreme Court.  *Id.*  Accordingly, the court affirmed the district court's grant of summary judgment for the employer because the action was not brought within six months, explaining that "[m]any California cases have upheld contractual shortening of statutes of limitations in different types of contracts, including employment situations." *Id.* at 1042.

*Perez v. Safety-Kleen Systems, Inc.*, 2007 WL 1848037 (N.D. Cal. June 27, 2007) reached the same result.  There, one of the plaintiffs signed an agreement requiring any suit against the company to be brought six months after the employment action that was the subject of the suit.  *Id.* at *3.  The plaintiff sued for failure to provide meal and rest periods and for unfair competition. *Id.* at *1.  The court held that the contractual limitations period was "valid and enforceable" and barred the plaintiff's claims.  *Id.* at *5; *see also Hall v. FedEx Freight, Inc.*, 2014 WL 3401386, at

Case No.: 5:20-cv-01266-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SANJEEV MITTAL SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

1   *5 (E.D. Cal. July 11, 2014) (granting summary judgment to employer based on six-month

2   limitations clause contained in an employment application); *Brisbane Lodging, L.P. v. Webcor*

3   *Builders, Inc.*, 216 Cal. App. 4th 1249, 1262 (2013) ("California courts have overwhelmingly

4   granted contracting parties substantial freedom to *shorten* an otherwise applicable statute of

5   limitations, so long as the time allowed is reasonable.").

6        Plaintiff cites to *Ellis v. U.S. Security Associates*, 224 Cal. App. 4th 1213 (2014) to argue

7   that the contractual limitations clause does not apply.  However, *Ellis* has markedly different facts.

8   First, the *Ellis* case considered whether the statute of limitations for a Fair Employment and House

9   Act ("FEHA") claim could be shortened.  The FEHA claim was critical to the court's holding.  In

10  fact, *Ellis* distinguished cases that found contractual limitations clauses enforceable by pointing

11  out the absence of FEHA claims.  *See id.* at 1229 ("*Soltani* was not a FEHA case."); *see also id.* at

12  1231 (finding *Perez v. Safety-Kleen Systems* "hardly instructive" because it had "no mention of

13  FEHA").  Importantly, and unlike *Ellis*, Plaintiff does not allege a FEHA claim.  Second, the

14  provision in *Ellis* required the plaintiff to bring an action within six months of the date of the

15  allegedly unlawful action, rather than six months of the date of termination.  This is an important

16  distinction.  *See id.* at 1229 n.8 (noting that clauses that run from the date of termination are not

17  substantially unconscionable).  Because the limitations clause in this case runs from the date of

18  termination, *Ellis* is inapposite.

19       Plaintiff further argues that because his offer letter was issued by Mahindra Satyam, Tech

20  Mahindra's predecessor entity, he is not bound by the limitations clause.  However, where, as

21  here, a successor entity assumes the rights and obligations of an acquired entity by way of a

22  merger, the successor entity may enforce obligations entered between an employee and the

23  predecessor entity.  *See e.g.*, *Marenco v. DirecTV LLC*, 233 Cal. App. 4th 1409, 1420 (2015);

24  *Jenks v. DLA Piper Rudnick Gray Cary U.S. LLP*, 243 Cal. App. 4th 1 (2015).

25       After analyzing a set of facts similar to this case, the *Hall* court held that the successor

26  entity could enforce a six-month contractual limitations clause.  There, the plaintiffs sued FedEx

27  Case No.: 5:20-cv-01266-EJD

28  ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING
    PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SANJEEV MITTAL SHOULD NOT BE
    DISMISSED FOR FAILURE TO PROSECUTE

Freight, Inc., alleging false representation claims.  2014 WL 3401386, at *2.  The company moved for summary judgment, arguing that the plaintiffs' claims were time-barred due to an employment application that contained a six-month limitations period for employment-related claims.  *Id.* at *4. One plaintiff argued that his application was submitted to FedEx National, Inc., not FedEx Freight Inc. and that the limitations period was therefore not binding as to his claims against FedEx Freight, Inc.  However, because the entities had merged, and all FedEx National employees became FedEx Freight employees, the six-month limitations period remained binding.  *Id.* at *6.

Plaintiff offers no evidence that he signed a different agreement when the entities merged, and he does not dispute that the general terms and conditions of his employment remained the same after the merge.  Thus, as in *Hall*, Plaintiff fails to "create a genuine dispute" about whether the terms of the offer letter still apply.  *Id.* at *15.  Because the claims arise out of Plaintiff's employment with Defendant Tech Mahindra, Plaintiff was required to initiate suit within six months of his termination.  Plaintiff did not commence this action until November 21, 2019— more than nine months after his termination.  His claims are thus time-barred and the limitations period bars this action.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Tech Mahindra's motion for summary judgment is **GRANTED.**  Plaintiff is directed to **show cause within 10 days of this order** why Defendant Sanjeev Mittal should not be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 13, 2022

EDWARD J. DAVILA
United States District Judge